# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Paul E. Plunkett | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 7454 | **DATE** | 3/7/2003 |
| **CASE TITLE** | Charles T. Spielman vs. Fisher Printing, Inc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: Defendant's Rule 12(b)(6) motion to dismiss is granted as to plaintiff's federal common law claim for retaliatory discharge, which is dismissed with prejudice. In all other respects the motion is denied.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | number of notices | |
| | No notices required. | | | |
| | Notices mailed by judge's staff. | | MAR 10 200 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 11 |
| | Mail AO 450 form. | | docketing deputy initials | |
| ✓ | Copy to judge/magistrate judge. | | | |
| TBK | courtroom deputy's initials | 03 MAR -7 AM 10:08 Date/time received in central Clerk's Office | date mailed notice | |
| | | | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| CHARLES T. SPIELMAN ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 02 C 7454 |
| ) | Paul E. Plunkett, Senior Judge |
| FISHER PRINTING, INC., ) | |
| ) | |
| ) | |
| Defendant. ) | |

MAR 10 2003

## MEMORANDUM OPINION AND ORDER

Charles Spielman has sued Fisher Printing, Inc. for its alleged violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e, et seq., 42 U.S.C. § 1981 ("section 1981") and federal and state common law. Defendant has filed a Federal Rule of Civil Procedure ("Rule") 12(b)(6) motion to dismiss the complaint. For the reasons set forth below, the motion is granted in part and denied in part.

## The Legal Standard

On a Rule 12(b)(6) motion to dismiss, the Court accepts as true all well-pleaded factual allegations of the complaint, drawing all reasonable inferences in plaintiff's favor. Forseth v. Village of Sussex, 199 F.3d 363, 368 (7th Cir. 2000). No claim will be dismissed unless "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).

## Facts

Plaintiff, who is white, worked for defendant as a pressman. (Compl. ¶¶ 8-9.) In January 2001, plaintiff complained to the Occupational Health and Safety Administration ("OSHA") about safety in the workplace. (Id. ¶ 12.) On February 21, 2002, during a monthly safety meeting, plaintiff discussed safety issues that he believed existed as a result of the language barrier among defendant's employees. (Id. ¶ 13.) The same day, defendant threatened to fire plaintiff and plaintiff made a retaliation complaint to OSHA. (Id. ¶ 14.)

On April 1, 2002, an African-American employee instigated an argument with plaintiff. (Id. ¶ 15.) After this incident, defendant suspended and, later, fired plaintiff. (Id. ¶ 17.) The African-American employee suffered no repercussions and was ultimately promoted, despite having a long history of disciplinary problems. (Id. ¶ 18.)

## Discussion

Section 1981 prohibits racial discrimination in "the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship." 42 U.S.C. § 1981(a)-(b). Plaintiff admits that he was an at-will employee of defendant. (Pl.'s Resp. at 2.) Because plaintiff cannot allege that he and defendant had a written employment contract, defendant says that his section 1981 claim must be dismissed.

The Seventh Circuit has yet to decide whether section 1981 extends to at-will employees. Compare Gonzalez v. Ingersoll Milling Mach. Co., 133 F.3d 1025, 1034-35 (7th Cir. 1998) (expressing doubt, in dicta, that "employment at-will provides a sufficient contractual relationship to support section 1981 claims") with McKnight v. General Motors Corp., 908 F.2d 104, 109 (7th

Cir. 1990) (describing employment at will as "a continuing contractual relation" in which all of the terms but duration are specified). The same is not true for the other courts of appeal, however. The Second, Fourth, Fifth, Eighth and Tenth Circuits have all held that at-will employment is a contractual relationship to which section 1981 applies. See Skinner v. Maritz, 253 F.3d 337, 340-41 (8th Cir. 2001) (holding that at-will employee had contract with employer, albeit one without a specified duration, and thus, section 1981 applied); Lauture v. International Bus. Mach. Corp., 216 F.3d 258, 260 (2d Cir. 2000) ("We join the emerging consensus of the district courts in this circuit, and the other circuit courts of appeal that have squarely decided this issue, to hold that an at-will employee may sue under § 1981 for racially discriminatory termination."); Perry v. Woodward, 199 F.3d 1126, 1134 (10th Cir. 1999) ("The great weight of well-reasoned authority supports this court's conclusion that the employment-at-will relationship encompasses sufficient contractual rights to support section 1981 claims for wrongful termination."), cert. denied, 529 U.S. 1110 (2000); Spriggs v. Diamond Auto Glass, 165 F.3d 1015, 1018-19 (4th Cir. 1999) ("Having concluded that an at-will employment relationship is contractual, we hold that such relationships may therefore serve as predicate contracts for § 1981 claims."); Fadeyi v. Planned Parenthood Ass'n of Lubbock, Inc., 160 F.3d 1048, 1049-50 (5th Cir. 1998) ("We conclude that the better view is that, irrespective of being subject to at-will termination, [an at-will] employee stands in a contractual relationship with his employer and thus may maintain a cause of action under § 1981."); cf. Staples v. Pepsi-Cola Gen. Bottlers, Inc., 312 F.3d 294, 298 n.3 (7th Cir. 2002) (noting that the issue remains undecided in this circuit but suggesting that the court might concur with its sister circuits if the issue were squarely presented to it). Given the clear trend of authority, and the Seventh Circuit's apparent willingness to reconsider its dicta in Gonzalez, the Court holds that plaintiff can maintain a section 1981 claim,

even though he had no written employment contract with defendant. Defendant's motion to dismiss the section 1981 claim is, therefore, denied.

Defendant also contends that plaintiff's Title VII claim must be dismissed because: (1) it is outside the scope of his EEOC charge; and (2) he concedes that there was a legitimate reason for his termination. Neither ground has any merit. Though "a Title VII plaintiff cannot bring claims in a lawsuit that were not included in [his] EEOC charge," Cheek v. Western & So. Life Ins. Co., 31 F.3d 497, 500 (7th Cir. 1994), plaintiff clearly raised his race claim in his charge. In relevant part, plaintiff's EEOC charge states: "On or about April 1, 2002, I was involved in a verbal altercation with a Black employee and was discharged on April 4, 2002. I believe I have been discriminated against because of my . . . race, White . . . ." (Def.'s Mem. Supp. Mot. Dismiss, Ex. 5, EEOC Charge.[1]) Because those statements sufficiently apprised both defendant and the EEOC that plaintiff believed his termination was motivated by race, the Title VII claim in plaintiff's complaint is not outside the scope of his charge.

Plaintiff has also not pleaded himself out of his Title VII claim. The fact that plaintiff recites the proffered reason for his termination in his EEOC charge does not constitute an admission by him that he was terminated for a nondiscriminatory reason. Rather, the gist of his charge is that defendant's proffered reason for terminating him was a pretext for race discrimination, a point he fleshes out in his complaint. (See Compl. ¶¶ 15-18 (alleging that the African-American employee

---

[1] We can consider the charge in deciding the motion to dismiss, though plaintiff did not attach it to his complaint, because it is referred to in the complaint and is central to his Title VII claim. Venture Assocs. Corp. v. Zenith Data Sys. Corp., 987 F.2d 429, 431 (7th Cir. 1993) ("Documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [his] claim.").

with whom plaintiff argued received more favorable treatment).) In short, there is no basis for dismissing plaintiff's Title VII race discrimination claim.

Defendant also argues that plaintiff's federal common law claim for retaliatory discharge must be dismissed. This time the Court agrees. Plaintiff has not cited, and we could not find, a single case that recognizes the cause of action plaintiff asserts. Because there is no legal basis for that claim, it is dismissed.

Plaintiff fares better with his state law claim for retaliatory discharge.[2] To plead such a claim under Illinois law, plaintiff must allege that he was "(1) discharged; (2) in retaliation for [his] activities; and (3) that the discharge violates a clear mandate of public policy." Zimmerman v. Bucheit of Sparta, Inc., 645 N.E.2d 877, 880 (Ill. 1994). Defendant argues that the third element is absent in this case.

The Court disagrees. The Illinois Supreme Court has said that the State's public policy interests are defined by its constitution, statutes and judicial decisions. Palmateer v. International Harvester Co., 421 N.E.2d 876, 878 (Ill. 1981). In Fragassi v. Neiburger, 646 N.E.2d 315 (Ill. App Ct. 1995), the Illinois Appellate Court upheld a retaliatory discharge claim, filed by a plaintiff who said she was fired for making complaints to OSHA, against a claim of preemption. Id. at 318. In the course of the opinion, the court characterized the State's interest in protecting the jobs of workers who expose workplace hazards as a "strongly rooted public policy," and concluded that the claim

---

[2]Because plaintiff's state and federal claims arise from the same adverse employment action, it is appropriate for the Court to exercise supplemental jurisdiction over it. See United Mine Workers of Am. v. Gibb, 383 U.S. 715, 725 (1966) (stating that supplemental jurisdiction may be exercised whenever "[t]he state and federal claims . . . derive from a common nucleus of operative fact."); 28 U.S.C. § 1367(a) (authorizing district courts to exercise supplemental jurisdiction over state claims "that are so related to claims in the action within [the court's] original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.").

was not preempted because "a State remedy supplementing that available under the Federal statute effectuates the State's strong pubic policy while doing no violence to the Federal statute." Id. Because Fragassi demonstrates that firing an employee for making a complaint to OSHA violates Illinois public policy, plaintiff has adequately pled the last element of his retaliatory discharge claim.

Moreover, that claim is not, as defendant contends, preempted by federal law. Federal law may preempt state law expressly, or impliedly through the doctrines of field and conflict preemption. Boomer v. AT&T Corp., 309 F.3d 404, 417 (7th Cir. 2002). The Act does not contain a express preemption provision. Thus, we must determine whether it nonetheless evinces congressional intent to preempt state tort claims for retaliatory discharge.³

"The question whether a certain state action is pre-empted by federal law is one of congressional intent." Gade v. National Solid Wastes Mgmt. Ass'n, 505 U.S. 95, 96 (1992) (internal quotation marks and citation omitted). To divine that intent, "we examine the explicit statutory language and the structure and purpose of the statute." Id. (internal quotation marks and citation omitted). The stated purpose of the Occupational Health and Safety Act is "to assure as far as possible every working man and woman in the Nation safe and healthful working conditions." 29 U.S.C. § 651(b). To accomplish that goal, the Act authorizes "the Secretary of Labor to set

---

³The Supreme Court has held that the Act impliedly preempts "any state law or regulation that establishes an occupational health and safety standard on an issue for which OSHA has already promulgated a standard, unless the State has obtained the Secretary's approval for its own plan." Gade v. National Solid Wastes Mgmt. Ass'n, 505 U.S. 88, 97 (1992). A tort claim for retaliatory discharge is not, however, an occupational health and safety standard within the meaning of the Act. See id. at 107 ("[A] state law requirement that directly, substantially, and specifically regulates occupational safety and health is an occupational safety and health standard within the meaning of the Act."); 29 U.S.C. § 652(8) ("The term 'occupational safety and health standard' means a standard which requires conditions, or the adoption or use of one or more practices, means, methods, operations, or processes, reasonably necessary or appropriate to provide safe or healthful employment and places of employment.") Thus, defendant can take no solace in Gade.

mandatory occupational safety and health standards applicable to businesses affecting interstate commerce," 29 U.S.C. § 651(b)(3), and sets forth detailed procedures for doing so, 29 U.S.C. § 655. The Act also empowers the Secretary of Labor to inspect and investigate places of employment subject to the Act, 29 U.S.C. § 657, issue citations to any employer believed to have violated any standard promulgated under the Act, 29 U.S.C. § 658, and impose penalties on violators, 29 U.S.C. § 659.

There is nothing, however, in either the language or framework of the Act that suggests Congress intended to preempt state tort claims. In fact, the Act manifests the opposite intent by explicitly preserving state "common law [and] statutory rights, duties, [and] liabilities of employers and employees . . with respect to injuries, diseases, or death of employees arising out of, or in the course of, employment." 29 U.S.C. § 653(b)(4). Because the Occupational Health and Safety Act specifically contemplates that it will be supplemented by state tort law, plaintiff's retaliatory discharge claim is not barred by the doctrine of field preemption.

It is also not barred by conflict preemption. Permitting employees like plaintiff to pursue state retaliatory discharge claims would not frustrate the Act's goal of protecting worker health and enhancing workplace safety. Such claims would not create new or conflicting occupational health and safety standards or impose different or additional penalties on the employers who violate them. Because plaintiff's common law claim for retaliatory discharge in no way encroaches on the federal government's exclusive prerogative to set standards for occupational health and safety, it is not precluded by the doctrine of conflict preemption.

## Conclusion

For the reasons set forth above, defendant's Rule 12(b)(6) motion to dismiss is granted as to plaintiff's federal common law claim for retaliatory discharge, which is dismissed with prejudice. In all other respects the motion is denied.

**ENTER:**

_____
UNITED STATES DISTRICT JUDGE

DATED: 3-7-03